**In re SANTORO EXCAVATING, INC., Debtor.**

**Bankruptcy No. 82 B 20039.**

United States Bankruptcy Court, S.D. New York.

March 7, 1986.

Jules Teitelbaum, P.C., for trustee; New York City, Miriam Teitelbaum, of counsel.

DECISION ON MOTION FOR A REHEARING

HOWARD SCHWARTZBERG, Bankruptcy Judge.

Jules Teitelbaum, P.C., attorney for trustee Miriam Teitelbaum, has moved for a rehearing of its application for final compensation in this Chapter 7 case. The trustee is also an associate with the applicant's firm. In a decision dated January 7, 1986, 56 B.R. 546, the court denied a portion of the original application because the contemporaneous time records submitted in support were not complete enough for the court to determine whether the services set forth were performed by the trustee in her capacity as an attorney for the estate or in her fiduciary capacity as trustee, (for which she was compensated by an award of statutory commissions). The decision also denied a request for a bonus to be paid with respect to the legal services rendered by the attorney for the trustee.

The motion to rehear is grounded on the applicant's assertion that it used its best efforts to prepare an application seeking compensation only for the legal services rendered by the trustee while acting as an associate of the applicant. The applicant has submitted an "analysis", put together for the purposes of the motion to rehear, in

order to explain and supplement the original time records which this court found to be deficient in supporting the fee application for the legal services claimed to have been performed by the trustee. The analysis (with 3 exceptions) does not refer to the dates of the 182 phone calls, 21 instances of review of correspondence or 13 office conferences where no details were submitted. The analysis also does not specifically apportion the time spent on these matters. Thus the court finds that it is impossible to correlate the analysis in any meaningful way with the original time records submitted.

That the applicant exerted its best efforts to separate trustee time from attorney time brings home the problem addressed by the court in its January 7, 1986 decision. The applicant should not have kept any time records for work performed by the trustee because trustees are compensated on the basis of commissions, not time expended. It is not a question of good faith but of the diligence required of the attorney for the estate when the trustee retains his or her law firm. It is a problem that naturally arises out of the confusion of roles. The applicant's statement and the accompanying imprecise summarization of which activities were attributable to its services *qua* attorney points to the extreme importance of keeping contemporaneous time records that are complete enough to dispel such confusion *ab initio*.

Such contemporaneous record keeping also serves to focus the trustee/attorney's attention on the various points in time when he or she wears different hats. The applicant recognizes this need for differentation by its admission that now, some time after the fact, it cannot recreate these lost entries in anything more than a summary form. The applicant's inability to recall in an accurate and detailed manner specifically which services it performed and in which guise obfuscates the court's supervisory task. Hence, the court is presented with insufficient information to enable it to comply with the mandate under 11 U.S.C. § 328 that it should allow compensation for services "only to the extent that the trustee performed services as attorney ... for the estate and not for performance of any of the trustee's duties that are generally performed by a trustee without the assistance of an attorney ... for the estate." Moreover, such information must be sufficiently detailed and explained so that the creditors and all parties in interest are assured that there is no duplication of services.

## CONCLUSIONS OF LAW

1. Applicant's motion for a rehearing does not bring sufficient facts to the court's attention which will satisfy the requirements of contemporaneous time records for fee applications. Accordingly, the motion is denied.